UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2054-SVW (KK) | | Date: | March 5, 2020 |
|---|---|---|---|---|

| Title: | *David G. Mountford v. The People* |
|---|---|

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed as Untimely**

## I.
## INTRODUCTION

Petitioner David Mountford ("Petitioner") has filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  It appears, however, the Petition is subject to dismissal as untimely.  The Court will provide Petitioner an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

### A.    STATE COURT PROCEEDINGS

On November 18, 1998, Petitioner pleaded nolo contendere to a charge of false personation of another in violation of section 529 of the California Penal Code.  Dkt. 1, Pet. at 2.  The trial court sentenced Petitioner to three years in prison.  <u>Id.</u>  Petitioner states he has "completed" his sentence resulting from his November 18, 1998 conviction.  Dkt. 1, Pet. at 2.

On November 30, 2018, Petitioner filed a habeas petition in Pomona Superior Court seeking "invalidation" of his plea.  <u>Id.</u> at 3-4.  Pomona Superior Court denied the petition on the same day.  <u>Id.</u>

On February 7, 2019, Petitioner filed a "notice of appeal" in the California Court of Appeal seeking "relief from default in not filing a timely request for certificate of probable cause." On February 22, 2019, the California Court of Appeal dismissed the appeal. Id. at 2-3; Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/ dockets.cfm?dist=2&doc_id=2278191&doc_no=B295491&request_token=NiIwLSEmXkw8WzBZ SCNdWExIQFg6USxTKiNOVzNTICAgCg%3D%3D (last updated Mar. 5, 2020 at 10:21 AM).[1]

On March 28, 2019, Petitioner filed a petition for review in the California Supreme Court. On May 1, 2019, the California Supreme Court denied review. Dkt. 1, Pet. at 3; Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/ dockets.cfm?dist=0&doc_id=2282435&doc_no=S254949&request_token=NiIwLSEmXkw8WzBZ SCNdWExIQFQ0UDxTJiNeIz5RICAgCg%3D%3D (last updated Mar. 5, 2020 at 10:21 AM).

Meanwhile, on April 2, 2019, Petitioner filed a habeas petition in the California Court of Appeal seeking "invalidation" of his plea. Dkt. 1, Pet. at 4. On April 24, 2019, the Court of Appeal denied the petition. Id.; see also Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2284337&doc_n o=B297027&request_token=NiIwLSEmXkw8WzBZSCNdWElIQFA6USxTKiMuRzhSQCAgCg% 3D%3D (last updated Mar. 5, 2020 at 10:21 AM).

On August 13, 2019, Petitioner filed a habeas petition in the California Supreme Court seeking "invalidation" of his plea on the grounds he did not receive a fair hearing and did not have effective assistance of counsel. Dkt. 1, Pet. at 4. On October 30, 2019, the California Supreme Court denied the petition. Id. at 5.

## B.     FEDERAL HABEAS PROCEEDINGS

On February 24, 2020, Petitioner constructively filed[2] the instant Petition. Dkt. 1, Pet. at 8. Petitioner challenges his November 1998 conviction and sentence on the grounds (a) he did not receive effective assistance of counsel because he was not advised of the adverse consequence that accepting a plea would expose him to future sentencing enhancements and (b) he "did not receive a fundamentally fair hearing as required by the due process clause." Id. at 5.

**III.**
**THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL**

## A.     THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMIATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

Here, Petitioner's conviction became final on January 18, 1999, i.e., 60 days after the entry of judgment on November 18, 1998, which was the "expiration of the time for seeking" an appeal to the California Courts of Appeal.  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"); Cal. R. Ct. 8.308 ("[A] notice of appeal… must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.").  AEDPA's one-year limitations period commenced the next day, January 19, 1999 and expired on January 19, 2000.  28 U.S.C. § 2244(d)(1).  However, Petitioner constructively filed the Petition on February 24, 2020.  Therefore, in the absence of any applicable tolling, the Court finds the Petition untimely by over two decades under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

## B.    STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner did not appeal his conviction or file any state habeas petitions until November 2018.  Dkt. 1, Pet. at 3.  The limitations period, however, ended on January 19, 2000.  Therefore, statutory tolling does not render the Petition timely.  See Ferguson, 321 F.3d at 823.

## C.    EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'"  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

"Where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations."  Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003), as amended (Nov. 3, 2003); see also Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003) ("[T]here are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable

tolling appropriate."). However, equitable tolling cannot be granted based on a conclusory statement without facts or evidence to support it. Cabrera v. Pennywell, No. CV 13-4702-GAF JEM, 2014 WL 1271208, at *4 (C.D. Cal. Mar. 24, 2014); see also Williams v. Dexter, 649 F. Supp. 2d 1055, 1061-62 (C.D. Cal. 2009) (inmate not entitled to equitable tolling when such "claim is . . . unsupported by competent evidence and is grossly conclusory").

Here, Petitioner appears to allege the delay in seeking review of his conviction was "caused by not being advised of the adverse consequence that accepting the plea would expose [him] to future sentencing enhancements, both in California and under the laws of other states." Dkt. 1, Pet. at 5. However, Petitioner has not set forth any facts or evidence as to why his attorney's conduct was egregious and constituted an "extraordinary circumstance." In the absence of facts to support his assertion, Petitioner's conclusory claim of ineffective assistance does not warrant equitable tolling. Therefore, equitable tolling does not render the Petition timely.

## IV.
## ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed as untimely by filing a written response no later than **March 26, 2020**.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.** See **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**